## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**Christopher Magee and**
**Jamyra Magee**                                                                     **Plaintiffs**

**v.**                                                   Civil Action No.   2:20-cv-183-KS-MTP

**Michael R. Noe d/b/a**
**On Time Shipping, and**
**James L. Hilliard**                                                                **Defendants**

### Complaint

The Plaintiffs, Christopher Magee and Jamyra Magee, file this Complaint for personal injuries and damages against the Defendants, Michael R. Noe d/b/a On Time Shipping and James L. Hilliard, and show:

1. Plaintiff, Christopher Magee, is an adult, resident citizen of the State of Mississippi, County of Lamar.

2. Plaintiff, Jamyra Magee, is an adult, resident citizen of the State of Mississippi, County of Lamar, and is the spouse of Plaintiff, Christopher Magee.

3. The Defendant, Michael R. Noe d/b/a On Time Shipping, is a adult, resident citizen of Cleveland, State of Tennessee, and is a sole proprietorship engaged in business as a Federal Motor Carrier, as defined by the United States Department of Transportation.

4. The Defendant, James L. Hilliard, is an adult, resident citizen of Dayton, Tennessee, and is an employee of, and/or driver for, Defendant, Michael R. Noe d/b/a On Time Shipping. The Defendant, Hilliard, at all times relevant, was an employee of,

or driver for, and acted within the scope of his employment with Michael R. Noe d/b/a On Time Shipping, pursuant to Title 49 of the Code of Federal Regulations promulgated pursuant to the Federal Motor Carrier Act, as amended. The Defendant, Michael R. Noe d/b/a On Time Shipping, is responsible for all actions and inactions, *respondeat superior*, of its employee and/or driver, Defendant Hilliard.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, since there is complete diversity of citizenship between the parties Plaintiffs and Defendants. The amount in controversy exceeds the jurisdictional amount as specified in 28 U.S.C. § 1332.

6. Venue is proper in this district since the relevant motor vehicle accident occurred in Marion County, Mississippi, within the Southern District of Mississippi, Eastern Division.

7. On April 18, 2019, Christopher Magee was driving in the course and scope of his employment as a delivery person for United Parcel Service, Inc. Plaintiff Christopher Magee was lawfully traveling westbound on US Highway 98 in Marion County, Mississippi. Plaintiff Christopher Magee at all relevant times, operated his vehicle in full compliance with all applicable regulations and rules of the road. The Plaintiff Christopher Magee was attempting to make a right turn into a private driveway. At this location US Highway 98 is a divided four-lane United States highway.

8. At the same relevant time the Defendant, James L. Hilliard, was driving a US Department of Transportation Registered 1999 International tractor-trailer for

and on behalf of Michael R. Noe d/b/a On Time Shipping. Defendant Hilliard failed to yield the right of way and was following too closely to Plaintiff Christopher Magee's vehicle. Defendant Hilliard's vehicle negligently struck the Plaintiff Christopher Magee's vehicle in the rear. In addition to failing to yield the right of way and following too closely, the Defendant Hilliard failed to operate his tractor-trailer in the appropriate lane, failed to keep a proper lookout in the operation of the tractor-trailer and failed to have proper control of the tractor-trailer vehicle at the time of the accident and such other acts and omissions of negligence as may be shown in discovery and trial.

9. The Plaintiff Christopher Magee's vehicle left the highway as a result of the impact. The crash was so violent that it completely destroyed the UPS vehicle. As a result of the violent crash, Christopher Magee's vehicle rolled over and came to rest on the driver's side. As a direct proximate result of the violent accident, Christopher Magee sustained personal and permanent injuries. Christopher Magee was transported from the scene by ambulance to Forrest General Hospital in Hattiesburg, Mississippi. As a direct, proximate result of the negligence of the Defendants, he has been seen and treated by doctors, and is still under the care and treatment of physicians at this time.

10. Plaintiff Christopher Magee was in the course and scope of his employment at the time of the accident. Plaintiff Christopher Magee's employer, UPS, and it's carrier provided workers' compensation benefits to Plaintiff Christopher Magee. Plaintiff's employer and it's carrier are immune from tort liability pursuant to

Mississippi Workers' Compensation Law, and have lien claims for reimbursement of payments made to Plaintiff for indemnity and for Plaintiff's medical expenses.

11.     The sole proximate cause of the accident was the negligence and carelessness of the Defendant Hilliard in the operation of the 1999 International tractor-trailer, driven for and on behalf of Michael R. Noe d/b/a On Time Shipping. The Defendant Hilliard was within the course and scope of his employment by Defendant, Michael R. Noe d/b/a On Time Shipping.  Pursuant to Title 49 of the Federal Motor Carrier safety regulations, the Defendant Michael R. Noe d/b/a On Time Shipping, is accountable for and responsible for, all acts and omissions of the Defendant Hillard, as the driver. Accordingly, Michael R. Noe d/b/a One Time Shipping is responsible for the negligence and torts of James L. Hilliard.  The Defendant Hilliard is the agent and regulatory employee or driver of the Defendant Michael R. Noe d/b/a On Time Shipping.

12.     The Plaintiff, Jamyra Magee, is the spouse of Christopher Magee.  The Plaintiffs were high school sweethearts.  They have been married some nineteen years and have four daughters together.  As a result and direct proximate cause of the accident, Plaintiff Jamyra Magee has suffered damages as the spouse of the Plaintiff Christopher Magee, in the nature of loss of support, companionship, and consortium.

13.     As a direct proximate cause of the actions and inactions of the Defendants, the Plaintiffs suffered damages, including but not limited to:  lost wages; loss of future wages; loss of wage earning capacity; medical expenses; future medical

expenses; loss of enjoyment of life; loss of consortium; loss of familial support; and, general damages of pain and suffering.

14. All of the injuries sustained by Plaintiffs were caused and due to the negligence and carelessness of the Defendants in the operation of the 1999 International tractor-trailer on this occasion. The Plaintiffs have sustained severe personal injuries which are permanent in nature, and as a result of the negligent and careless actions of the Defendants. As a UPS driver, Plaintiff Christopher Magee earned over $93,000 per year, and received extremely valuable employee benefits, including health, dental, vision, and life insurance for his entire family and pension benefits, pursuant to union contract, all of which has been lost as a result of the Defendants' negligence.

## Count I

## Negligence

15. All other allegations of this Complaint are incorporated and adopted as if set out again here. The actions and inactions of the Defendants constitute negligence which proximately caused the damages of the Plaintiffs. The Defendants violated various applicable rules of the road by, among other things, failing to yield the right of way, following too closely, failing to operate the Defendant vehicle in the appropriate lane, failing to keep a proper lookout, failing to have proper control of the tractor-trailer vehicle, all in violation of Mississippi Rules of the Road, as set out in Title 63 of the Mississippi Code, and Title 49 of the Code of Federal Regulations applicable to Motor Carriers.

## Count II

### Negligence *Per Se*

16.     All other allegations of this Complaint are incorporated and adopted as if set out again here. The Defendants' violations of Title 63 of the Mississippi Code, and Title 49 of the Code of Federal Regulations applicable to Motor Carriers constitute negligence *per se*, which proximately caused the damages of the Plaintiffs, to which they are entitled to recover damages as a matter of law.

## Count III

### Negligent Infliction of Emotional Distress and Loss of Consortium

17.     All other allegations of this Complaint are incorporated and adopted as if set out again here. The Defendants' negligence and negligence *per se* inflicted and caused emotional distress upon the Plaintiffs and caused loss of consortium, to which the Plaintiffs are entitled to recover damages.

WHEREFORE, Plaintiffs bring this civil action for personal injuries seeking judgment for all damages allowed under the law and pray that process issue for the Defendants and that after trial, the Court will award judgment in favor of the Plaintiffs and against the Defendants in an amount to be determined by jury, in excess of $1,000,000.00, plus interest, cost, and attorneys fees.

This, the 29th day of September, 2020.

Respectfully submitted,

Christopher Magee and
Jamyra Magee, Plaintiffs

By: /s/ Mark A. Nelson
Mark A. Nelson, MB 3808

Of Counsel:

Mark A. Nelson, MB 3808
Ned A. Nelson, MB 105712
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251


John G. Jones, MB 3217
Griffin Jones Law Firm, PLLC
P. O. Box 689
Jackson, MS  39205-0689
Telephone:  601.326.7771
Facsimile:  769.216.3432