IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**Christopher Magee**
**and Jamyra Magee**      Plaintiffs

and

**UPS and Liberty Mutual**
**Insurance Company**      Intervenors

v.      Cause No. 2:20-cv-183-TBM-MTP

**Michael R. Noe d/b/a**
**On Time Shipping and**
**James L. Hilliard**      Defendants

## Memorandum in Support of Motion for Sanctions

This civil action involves a motor vehicle accident that occurred on April 18 2019, on Highway 98 West in Marion County, Mississippi.[1] Plaintiff, Christopher Magee, was driving a UPS delivery truck Westbound on Highway 98 when he was struck in the rear by an 18-wheeler driven by Defendant James Hilliard. The evidence clearly and convincingly shows that Defendant Hilliard's version of events is based upon a fabricated narrative. Moreover, Defendant Hilliard used this same canard to submit an insurance claim for personal injuries he claims to have received as a result of the accident. Liberty Mutual Insurance Company, UPS's insurer, paid Defendant Hilliard three thousand five hundred dollars ($3,500.00) to settle the claim, a claim which Hilliard made intentionally and knowingly based upon his own dishonesty.[2] Defendant Hilliard committed perjury by repeating his false narrative

---

[1] The detailed facts and exhibits are set out in the Motion for Sanctions.
[2] Plaintiffs do not seek sanctions against counsel or the co-defendant, Noe.

1 | Page

regarding the accident during his February 12, 2021, deposition. Furthermore, Defendant Hilliard committed wire fraud, mail fraud, and insurance fraud by making his false claim to Liberty Mutual. As such, for the reasons spelled out herein, this Court should impose the most severe sanctions against Defendant Hilliard.

## Perjury

"Perjury strikes at the heart of the integrity of the judicial system..." *United States v. Stokes*, 211 F.3d 1039, 1046 (7th Cir. 2000). Perjury also "poisons the life blood of the administration of justice." *United States v. DiStefano*, 464 F. 2d 845, 854 (2nd Cir. 1972). Defendant Hilliard committed perjury pursuant to statute by making materially false declarations when he was deposed in the course of these proceedings. *Exhibit 3 to Motion*. The applicable statute provides:

> (a) Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. §1623.

Hilliard's testimony is that Plaintiff Magee's UPS truck was in the median prior to the accident and that Magee pulled out of the median and "jumped out in front of" Defendant Hilliard's 18-wheeler. Mr. Magee was never positioned in the median and had just turned right onto Highway 98 Westbound about half a mile before being struck by Hilliard's 18-wheeler. Based upon the GPS scientific

telematics and DIAD scientific data produced by UPS, it is clear beyond a reasonable doubt that Defendant Hilliard's version of events is a physical impossibility and his statements regarding how the accident occurred are materially false. *See Motion* at Para. 3.

Perjury is defined in federal criminal law as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L. Ed. 2d 445 (1993) (summarizing the elements of 18 U.S.C. § 1621). Clearly, committing perjury is acting in "bad faith." "Dismissal[3] is an appropriate sanction for falsifying a deposition." .... [T]he court's inherent powers[] can be called upon to redress such mendacity." *Combs v. Rockwell Inter. Corp.*, 927 F.2d 486, 488 (9th Cir. 1991). "Falsifying evidence is grounds for the imposition of the sanction of dismissal." *Id.* There need be no look at the merits of a lawsuit if material, substantial perjury is found. *Id.* at 489. "There is no point to a lawsuit, if it merely applies law to lies. True facts must be the foundation for any just result." *Valley Engineers Inc. v Electric Engineering Co.*, 158 F.3d at 1051, 1058 (9th Cir. 1998).

Perjury should not be confused with inconsistencies in a party's deposition and trial testimony which may "provide fertile ground for vigorous impeachment but do not support perjury findings," *Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008). When a party falsely testifies to a fact material to the substance of a

---

[3] There are surprisingly few cases concerning a defendant's perjury. So, discussions about dismissal as a remedial sanction are equilavent to entry of a monetary judgment against a perjured defendant.

3 | P a g e

litigation, such is anathema to the function of the courts. Perjury is much more than simply a "gotcha," harmful in effect only for the reason that one got caught.

Litigation is not a game in which perjury warrants a five yard penalty for a minor untruth, fifteen yards if the perjury was really serious. Rather, perjury on any material fact strikes at the core of the judicial function and warrants a forfeiture of one's right to participate at all in the truth-seeking process. *See Arnold v. County of El Dorado,* 2012 U.S. Dist. LEXIS 112398 (E.D. Cal., August 9, 2012) If one can be punished for perjury with up to five years imprisonment, 18 U.S.C. § 1621, it should not seem out of place that a monetary judgment be entered in a civil action for the same conduct. "When the entire course of discovery is viewed along with perjury on a material fact, there is ample justification for recommending dismissal." *Arnold v. County of El Dorado*, 2012 U.S. Dist. LEXIS 112398 (E.D. Cal., August 9, 2012).

"As a fraud on the court, perjury may warrant the sanction of dismissal," but dismissal or default is not appropriate in all situations. *Montano*, 535 F.3d at 564. The "severity of a sanction should be proportioned to the gravity of the offense," such that perjury may not warrant default when, for instance, the "opposing litigant [has] perjured himself as well," when the perjury is "quickly discovered," or when the perjury is "harmless so far as affecting the course of the litigation." *Allen v. Chicago Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003). Thus, in choosing between default and a lesser sanction, a court should consider "(1) prejudice to the [opposing

party]; (2) prejudice to the judicial system; and (3) deterrence and punishment." *Dotson v. Bravo*, 202 F.R.D. at 559, 575 (N.D. Ill., August 22, 2001).

Even worse, however, was the harm to the judicial system as a whole. As the Supreme Court has observed, "[f]alse testimony in a formal proceeding is intolerable," and a court "must neither reward nor condone such a 'flagrant affront' to the truth-seeking function of adversary proceedings." *ABF Freight Sys., Inc. v. N.L.R.B.*, 510 U.S. 317, 323, 114 S. Ct. 835, 127 L. Ed. 2d 152 (1994) (citation omitted).

Moreover, the Supreme Court has noted that falsehoods and obfuscation "may put the factfinder and parties 'to the disadvantage, hindrance, and delay of ultimately extracting the truth by cross examination, by extraneous investigation or other collateral means.'" *ABF Freight*, 510 U.S. at 323 (quoting *United States v. Norris*, 300 U.S. 564, 574, 57 S. Ct. 535, 81 L. Ed. 808 (1937)). "This observation could hardly be more relevant to this case: exposing the Tashiros' misconduct required multiple motions for sanctions, a flurry of motions in limine, an aborted evidentiary hearing, a later, day-long evidentiary hearing, and a supplemental hearing for additional argument, all of which could have been avoided had the Tashiros' simply been more forthcoming in their responses to Plaintiff's discovery requests. The Tashiros have thus imposed a severe burden on the judicial system, and the sanction for their conduct must likewise be severe." *Malibu Media, LLC v. Tashiro*, 2015 U.S. Dist. LEXIS 64281 (S.D. Ind., May 18, 2015).

Likewise, in this action, there is the cost of experts, meeting with experts, depositions in Cleveland, Tennessee during an ice storm, and cost of this motion. Further, a sanction short of default would not appropriately address the goals of deterrence and punishment. "An adverse inference, for instance, would help redress the prejudice that Plaintiff has suffered by, for example, requiring the jury to infer that Plaintiff's copyrighted works would have been found on the hard drive from which files were deleted. But such a sanction would allow the case to continue to trial and would thus allow Defendants to press their case to this Court. In light of their misconduct, Defendants should not be allowed to do so: '**litigants who use the judicial process have certain obligations and responsibilities**,' among them upholding '**the integrity of the judicial process in general**.'" *Dotson*, 202 F.R.D. at 574 (emphasis added).

Where, as here, a party instead makes a **mockery of the judicial process, that party forfeits continued access to that process**. *See Id.*; *see also REP MCR Realty*, 363 F. Supp. 2d at 1012 (N.D. Ill. 2005) ("Litigants must know that the courts are not open to persons who would seek **justice by fraudulent means**." (emphasis added)).

"Toleration of perjury is unseemly; . . .**[f]alse testimony** in a formal proceeding is **intolerable**;" and "truthful discovery" is **too important** to the "entire civil justice system" to allow Defendants to continue to debase the "truth-finding processes" of this Court with their continued presence before this

tribunal. *Dotson*, 202 F.R.D. at 570, 573 (emphasis added). *Malibu Media, LLC v. Tashiro*, 2015 U.S. Dist. LEXIS 64281 (S.D. Ind., May 18, 2015)

### Wire Fraud

Defendant Hilliard committed wire fraud by accepting the settlement for his personal injury claim in a June 12, 2019, telephone call with Liberty Mutual Insurance Company. *Exhibit 7 to Motion*. As the evidence produced clearly indicates, this claim was based on Hilliard's false representations. Hilliard based his insurance claim for personal injuries on his fabricated narrative over the telephone line, and thus committed wire fraud pursuant to statute that provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. §1343.

### Mail Fraud

Defendant Hilliard received the settlement payment for his personal injuries from Liberty Mutual Insurance Company through the United Parcel Service, a commercial interstate carrier. In 1994 the mail fraud statute was amended to include commercial carriers like UPS within the purview of the defined crime. See

*United States v. Photogrammetic Data Servs.*, 259 F.3d 229, 248 (4th Cir. 2001)). By receiving and accepting this settlement payment, Defendant Hilliard committed mail fraud pursuant to statute that provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for *obtaining money or property by means of false or fraudulent pretenses, representations*, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both. (emphasis added)

18 U.S.C. §1341.

### Sanctions

As a result of Defendant Hilliard's commission of perjury, wire fraud, and mail fraud, all constituting insurance fraud, the imposition of the most severe sanctions is appropriate. "The imposition of sanctions using inherent powers must be accompanied by a specific finding of bad faith." *Goode v. City of Southaven*, 2019 U.S. Dist. LEXIS 35977 (N.D. Miss., March 6, 2019) (citing *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999). "Bad faith conduct requires clear and convincing

evidence of a 'fraudulent intent and a desire to suppress the truth.'" *Goode,* 2019 U.S. Dist. LEXIS 35977 (citing *Consol. Aluminum Corp. v. Alcoa, Inc.,* 244 F.R.D. 335, 344 (M.D. La. 2006). Hilliard's false representations prior to the filing of this civil action along with his perjured sworn testimony made in his deposition were made for no other reason than defrauding justice and suppressing the truth.

When imposing sanctions, the Fifth Circuit states that the district court consider the following factors on a sliding scale: "(1) What conduct is being punished or is sought to be deterred by the sanction?; (2) What expenses or costs were caused by the violation of the rule?; (3) Were the costs or expenses 'reasonable,' as opposed to self-imposed, mitigatable, or the result of delay in seeking court intervention?; and (4) Was the sanction the least severe sanction adequate to achieve the purpose of the rule under which it was imposed?" *Goode,* 2019 U.S. Dist. LEXIS 35977 (citing *Topalian v. Ehrman,* 3 F.3d 931, 937 (5th Cir. 1993) ("*Topalian I*")) (citing *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 877-79 (5th Cir. 1988)).

### A. The Conduct Being Punished

The conduct being punished here is Defendant Hilliard's crimes of perjury, wire fraud, mail fraud, and all other biproducts of the fraudulent insurance scheme and canard he fabricated regarding how the accident occurred. The material statements he has made regarding how the accident occurred are patently false as evidenced by the GPS Telematics and DIAD scientific empirical data.

### B. Expenses or Costs Caused by the Violation

As a direct result of the blatant lies of Defendant Hilliard, the Plaintiffs have incurred significant expenses in proving the falsity of the Defendant's testimony. These expenses include but are not limited to the costs of filing the Plaintiffs' Motion for Sanctions, all costs associated with traveling to Cleveland, Tennessee to take the deposition of Defendant Hilliard, all attorneys fees and costs associated with expert witnesses related to the accident, and all attorney's fees and costs associated with prosecuting this civil action.

### C. Reasonableness of Expenses

The Plaintiffs have incurred significant expenses in proving the falsity of Defendant Hilliard's testimony. All of the expenses incurred, including hiring an accident reconstruction expert, taking depositions, and propounding discovery by other means, and normal and customary costs incurred when prosecuting a case of this nature. Though costly to the Plaintiffs, the Telematics and DIAD scientific data has been analyzed at great length by the Plaintiffs' expert and unequivocally demonstrates that Defendant Hilliard's version of events is impossible, and his testimony is plainly dishonest.

### D. Severity of the Sanction

The sanctions imposed on defendant James Hilliard should be to an extent that would discourage this type of behavior from parties to future litigation while also preventing James Hilliard from being allowed to benefit from the dishonesty

and dishonorable conduct he committed unto this Court. Hilliard should be barred from proceeding further in this Court by entry of default monetary judgment.

Accordingly, this motion should be granted, and the Court should:

1. Refer the matter to the U.S. Attorney for investigation and criminal prosecution;

2. Order Defendant James Hilliard to pay all costs associated with filing this motion and costs associated with taking Defendant Hilliard's deposition in Cleveland, Tennessee;

3. Order Defendant James Hilliard to pay the cost of plaintiffs hiring an accident reconstructionist;

4. Order Defendant James Hilliard to pay all other costs and attorney's fees associated with the prosecution of this civil action; and

5. Enter Judgment against Defendant James Hilliard for the full damages sought by Plaintiffs in an amount not less than three million dollars ($3,000,000.00).

This, September 14, 2021.

                                        Christopher Magee and
                                        Jamyra Magee, Plaintiffs

                                        */s/ Mark A. Nelson*
                                    By:_____
                                        Mark A. Nelson, MB 3808

Of Counsel:

Mark A. Nelson, MB 3808
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS  39402
Telephone:  601.602.6031
Facsimile:  601.602.3251
mark@nelsonfirm.law
John G. Jones, MB 3217
Griffin Jones Law Firm, PLLC
P. O. Box 689
Jackson, MS  39205-0689
Telephone:  601.326.7771
Facsimile:  769.216.3432
john@griffinjoneslaw.com

## Certificate of Service

I, Mark A. Nelson, hereby certify that on this the 14th day of September, 2021, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will provide notice to all counsel of record as follows:

Robert S. Mink
Robert S. Mink, Jr.
Mink & Mink, PLLC
5760 I-55 North, Suite 300
Jackson, MS  39211
rob@minklaw.com
rsm@minklaw.com

*Attorneys for Defendants*

Jill R. Miller
Taylor, Wellons, Politz & Duhe, APLC
4041 Essen Lane, Suite 500
Baton Rouge, LA  70809
jmiller@twpdlaw.com

R. Eric Toney
Copeland, Cook, Taylor & Bush, P.A.
600 Concourse, Ste. 200
Ridgeland, MS 39157
etoney@cctb.com

*Attorneys for UPS and
Liberty Mutual Insurance Company*

                                        */s/ Mark A. Nelson*
                                        _____
                                        Mark A. Nelson