IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER MAGEE** and
**JAMYRA MAGEE**                                                                        **PLAINTIFFS**

v.                                         CIVIL ACTION NO. 2:20-cv-183-TBM-MTP

**MICHAEL R. NOE** d/b/a
**ON TIME SHIPPING,** and
**JAMES L. HILLIARD**                                                                   **DEFENDANTS**

## BENCH ORDER

This matter came before the Court on Plaintiffs' Motion [104] for Sanctions and Motion [106] to Strike and Defendants' Motion [118] to Consider *Daubert* Argument on December 21, 2021. At the hearing conducted in this matter on December 21, 2021, the Court, having considered the pleadings, the record, the oral arguments of counsel, and the relevant legal authority, announced its findings and conclusions. The Court concluded that the Plaintiffs' Motions should be denied and Defendants' Motion should be granted.

The Court concluded that the Plaintiffs' Motion [104] for Sanctions should be denied without prejudice. The Plaintiffs' motion essentially asks the Court to grant summary judgment, but the Plaintiffs have not met their burden of proof at this stage. In denying the Motion [104] for Sanctions without prejudice, the Court does not foreclose the opportunity for Plaintiffs to move for sanctions again at the appropriate time, if the Plaintiffs can meet their burden of proof that Defendant James Hilliard perjured himself.

The Court also concluded that the Plaintiffs' Motion [106] to Strike and for Partial Summary Judgment should be denied. The Defendants are not prohibited by their settlement agreement from raising the affirmative defense of apportionment of fault.

Finally, the Court concluded that the Defendants' Motion [118] to Consider *Daubert* Argument should be granted. The Defendants may submit arguments in a motion *in limine* related to the admissibility of the telematics data and the admissibility of the Plaintiffs' expert witness' opinion based upon the telematics data. But the Defendants are prohibited from raising an argument to completely exclude the Plaintiffs' expert witness from testifying at trial.

IT IS THEREFORE, ORDERED AND ADJUDGED that, for the reasons stated on the record at the hearing held on December 21, 2021, the Plaintiffs' Motion [104] for Sanctions is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiffs' Motion [106] to Strike is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion [118] to Consider *Daubert* Argument is GRANTED.  The Defendants may raise arguments related to the admissibility of the telematics data and the admissibility of the Plaintiffs' expert witness' opinion based upon the telematics data, but the Defendants may not raise an argument to completely exclude the Plaintiffs' expert witness from testifying at trial.

IT IS FURTHER ORDERED AND ADJUDGED that the parties must submit any motions *in limine* on or before January 18, 2022. Responses to motions *in limine* are due by February 1, 2022. Replies in support of motions *in limine* are due February 10, 2022.

THIS, the 21st day of December, 2021.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE