IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER MAGEE** and
**JAMYRA MAGEE**                                                                                                 **PLAINTIFFS**

**v.**                                                      **CIVIL ACTION NO. 2:20-cv-183-TBM-MTP**

**MICHAEL R. NOE** *d/b/a*
**ON TIME SHIPPING,** *and*
**JAMES L. HILLIARD**                                                                                         **DEFENDANTS**

## ORDER

This matter came before the Court on Plaintiffs' Motion *in Limine* [123], Defendants' Motion *in Limine* [124] to Limit Opinions and/or Testimony of Expert Ben Smith; Defendants' Motion *in Limine* [125] Regarding Objections to Telematics Data Documents; and Defendants' Omnibus Motion *in Limine* [126]. At the hearing conducted in this matter on May 12, 2022, the Court, having considered the pleadings, the record, the oral arguments of counsel, and the relevant legal authority, announced its findings and conclusions. The Court concluded as follows:

The Plaintiffs' Motion *in Limine* [123] was granted. The Defendants conceded the following: Issue One, evidence of settlements between the defendants and intervenors; Issue Two, evidence of settlement negotiations in the present matter; and part two of Issue Three, the amount of any Workers Compensation payments by UPS and/or Liberty Mutual, are not admissible. As to part one of Issue Three, the intervenors' status as parties, the Court concluded that the jury shall not be informed that UPS is a party, and that UPS shall not be listed as party on any documents.

Defendants' Omnibus Motion *in Limine* [126] was granted in part and denied in part. The Plaintiffs conceded the following: Issue One, evidence/testimony that Defendants failed to maintain certain records or comply with Federal Motor Carrier Safety regulations; Issue Two,

policies, procedures, and safety information for on time shipping; and Issue Three, James Hilliard's driving, training, employment, criminal record, personnel, medical, drug use, and driver qualification records.

As to Issue Four, duplicative medical expert testimony and/or medical testimony from unqualified witnesses, the Motion is granted in part and denied in part. The Defendants have no objection to Dr. Stephen Beam testifying or to Kathy Smith testifying as an occupational rehabilitation expert.[1] The Plaintiffs stated that they do not intend to elicit testimony from Kathy Smith concerning the separation agreement, whether UPS discharged Mr. Magee due to his physical disabilities caused by the accident, or whether Mr. Magee can be rehired by UPS. Further, the Plaintiffs indicated that they do not intend to call Rahul Bohra, M.D., Allen Thompson, physical therapist, or Tracy Hennessy, nurse practitioner. As such, the Defendants' Motion as to these three witnesses was denied as moot. As to Issue Five, testimony from investigating Officer Dane Gibson regarding opinions and/or conclusions on the accident, the Court concluded that the Defendants have not demonstrated why the accident report should be excluded in its entirety. The Court granted the Defendants' Motion as to Officer Gibson's opinions and conclusions within the accident report and limited Officer Gibson's testimony to his personal knowledge.

Additionally, Issue Six, prior accidents and prior driving of James Hilliard; Issue Seven, evidence of prior judgments, claims, lawsuits, or verdicts; and Issue Eight, standard of care for commercial drivers, have been conceded. The Court granted in part and denied in part Issue Nine. This involved claims that the accident was "preventable," explaining that Plaintiffs can argue and present evidence to the jury that the accident could have been prevented, but cannot argue or

---

[1] Defendants have preserved any objection to Kathy Smith testifying as to medical causation testimony. Plaintiffs state they do not intend to elicit medical causation testimony from Kathy Smith.

present evidence of preventability determinations that may have been made pursuant to the Code of Federal Regulations. Finally, Issue 10, evidence of liability insurance; Issue 11, evidence regarding the relative financial conditions of the parties; and Issue 12, any suggestion that the jury should punish the Defendants, have been conceded by the Plaintiffs.

Defendants' Motion *in Limine* [125] Regarding Objections to Telematics Data Documents was denied without prejudice. Defendants' Motion *in Limine* [124] to Limit Opinions and/or Testimony of Expert Ben Smith was denied.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated on the record at the hearing held on May 12, 2022, the Plaintiffs' Motion *in Limine* [123] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendants' Omnibus Motion *in Limine* [126] was GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendants' Motion *in Limine* [125] Regarding Objections to Telematics Data Documents is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendants' Motion *in Limine* [124] to Limit Opinions and/or Testimony of Expert Ben Smith is DENIED.

THIS, the 13th day of May, 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE